IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY SCHAUM, | : Civil No. 1:26-CV-0182 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| RIVER VALLEY LANDSCAPES, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Factual Background

This case comes before us for consideration of the plaintiff's motion to amend the complaint.[1] Jeffery Schaum filed this action against his former employer, River Valley Landscapes, Inc. ("River Valley") on January 17, 2026, alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[2] Schaum alleges that he was terminated by the defendant in March of 2025 after informing them of a cancer diagnosis and requesting intermittent time-off for treatment.[3] The initial

[1] Doc. 19.
[2] Doc. 1.
[3] *Id.* ¶¶ 25-30, 34-38, 43-50.

complaint asserts that Schaum filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on May 3, 2025, and received a Right to Sue letter from the EEOC prior to filing the instant lawsuit.[4] On May 6, 2026, Schaum filed an amended complaint after exhausting his administrative complaint with the PHRC.[5]

Schaum now moves to file a second amended complaint, which the defendant opposes.[6] In his motion, Schaum asserts that discovery in this matter revealed evidence of an associational disability discrimination claim—namely, that the owners of River Valley took adverse actions against him, including terminating his employment, because of his involvement in caring for his brother, who also had cancer.[7] He contends that he received this discovery on May 12, 2026, and four days later filed an amended charge with the EEOC, including the claim for associational

[4] *Id.* ¶¶ 8-9.
[5] Doc. 16 ¶ 9.
[6] Docs. 19-22.
[7] Doc. 20 at 2, 6.

disability discrimination.[8] He requested a Right to Sue letter, which was issued on May 28, 2026.[9]

The defendant opposes the amendment, arguing that amendment is futile because the associational disability claim is time-barred.[10] For his part, the plaintiff contends that doctrine of equitable tolling should apply, as he only learned of the existence of facts supporting this claim through discovery in this matter, after which he promptly filed an amended charge with the EEOC to add this claim and requested a Right to Sue letter.[11]

This motion is fully briefed and ripe for resolution. After consideration, we conclude that the doctrine of equitable tolling may apply to the plaintiff's associational disability discrimination claim, and as such, amendment of the complaint would not be futile. Accordingly, we will grant the plaintiff's motion to amend.

---

8 *Id.* at 6.
9 *Id.*
10 Doc. 21.
11 Doc. 20 at 12-14.

## II. Discussion

The plaintiff moves to amend his complaint. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, and otherwise may only amend with the opposing party's written consent or with leave of court.[12] Rule 15 further states that "[t]he court should freely give leave when justice so requires."[13] A court may deny leave to amend if there is a delay in seeking amendment that is "undue, motivated by bad faith, or prejudicial to the opposing party."[14] Additionally, the court may deny a motion for leave to amend if the amendment fails to state a cause of action.[15] Such motions are left to the sound discretion of the court.[16]

As we have noted, the defendant opposes amendment of the complaint on the grounds that amendment would be futile because the associational disability discrimination claim is time-barred. Before a plaintiff can file a complaint of employment discrimination pursuant to

[12] Fed. R. Civ. P. 15(a).
[13] Fed. R. Civ. P. 15(a)(2).
[14] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[15] *Id.* (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).
[16] *Id.* at 272.

the ADA and PHRA, he must first exhaust his administrative remedies.[17] Under the PHRA, the complainant must file their administrative complaint within 180 days of the alleged discriminatory action.[18] Similarly, a complainant must file their administrative complaint with the EEOC within 180 days of the alleged act of discrimination, except in cases where the complainant initially made their complaint to a state or local agency, then the administrative complaint must be filed within 300 days.[19] Failure to file a timely administrative complaint precludes the complainant from any judicial remedies under the both the PHRA and EEOC.[20]

River Valley contends that Schaum's amended charge with the EEOC adding his associational disability discrimination claim was not filed until 427 after the plaintiff's termination, and thus, this claim is untimely. But as Schaum argues, the EEOC's limitations period is

---

[17] *See Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999).
[18] 43 Pa. Cons. Stat. § 959(h).
[19] 42 U.S.C. § 2000e-5(e)(1); *See Seredinski v. Clifton Precision Prods. Co.*, 776 F.2d 56, 61 (3d Cir. 1985)
[20] *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

subject to equitable tolling.[21] Specifically, as the Third Circuit has explained,

> In an employment discrimination case: the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision.[22]

Further, a plaintiff must "demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim."[23] Courts in this circuit have found equitable tolling applicable in employment cases where an employer gave a legitimate, nondiscriminatory reason for the employee's termination, and the employee later discovered evidence of a discriminatory motive.[24]

---

[21] *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[22] *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

[23] *Id.* (internal quotation marks and citation omitted).

[24] *See e.g.*, *Nguyen v. Bosch Security Sys., Inc.*, 2018 WL 5839701 (E.D. Pa. Nov. 8, 2018) (concluding equitable tolling could be appropriate where an employee was told his position was being eliminated, but he later discovered he was replaced by younger employees); *Sawhill v. Medical College of Pa.*, 1996 WL 156415, at *2 (E.D. Pa. Apr. 3, 1996) (finding that equitable tolling may apply where an employee was given a reason for his termination but later discovered that his termination may have been due to his disability).

We conclude that Schaum has demonstrated that equitable tolling may be applicable to his associational disability discrimination claim. Schaum alleges that he was told the reason for his termination was his poor performance and lack of bookkeeping knowledge. But in May of 2026, more than one year after Schaum's termination, he learned through discovery in this case that the owners of the company had concerns about Schaum's association with his brother's health condition.[25] Indeed, Schaum contends that a text message produced by the defendant explicitly referenced Schaum receiving "a bad report" regarding his brother's cancer diagnosis and expressed concern regarding Schaum's ability to handle his work in light of that news.[26] Schaum asserts that text message is dated February 5, 2025, which is around the time Schaum alleges the defendant began criticizing his poor bookkeeping performance.[27]

We are not persuaded by the defendant's contention that Schaum had the necessary information to support this claim when filing his initial EEOC claim, such that equitable tolling should not apply. The defendant

---

[25] *See* Doc. 20 at 2.
[26] *Id.*
[27] *Id.* at 10.

argues that because Schaum was aware that River Valley knew of his brother's condition, and that Schaum requested to work from Florida to help care for his brother, that Schaum "had knowledge of all of the operative legal facts" to support his associational disability discrimination claim.[28] But as we have explained, Schaum was led to believe that his termination was based on his lack of bookkeeping capabilities, not his concern or need to care for his brother's condition. Accordingly, we conclude that Schaum has demonstrated that the defendant may have "misled the plaintiff regarding the reason for his dismissal[,]"[29] thereby opening the door to an equitable tolling application of the EEOC deadline regarding Schaum's associational disability discrimination claim.

Thus, we believe that equitable tolling may apply to Schaum's claim of associational disability discrimination, although we make no determination as to whether tolling will ultimately save this claim.[30] Because we conclude that Schaum has sufficiently invoked the doctrine

---

28 Doc. 21 at 13.
29 *Sawhill*, 1996 WL 156415, at *2.
30 *See e.g.*, *Nguyen*, 2018 WL 5839701, at *2 (finding that the plaintiff's allegations "activated" the doctrine but expressing no view on whether the plaintiff would actually prevail on that claim).

of equitable tolling with respect to his associational disability discrimination claim, and amending the complaint to add this claim would not be futile, we will grant the motion to amend the complaint.

## III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to amend will be GRANTED.

An appropriate order follows.

Submitted this 12th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge